# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:16-cr-00265-GMN-CWH |
| Plaintiff, | |
| v. | **ORDER** |
| VICTOR ADAM RAMIREZ, | |
| Defendant. | |

Presently before the court is defendant Victor Adam Ramirez's motion for bill of particulars (ECF Nos. 1052, 1056), filed August 14, 2018, the government's response (ECF No. 1182), filed September 27, 2018. Ramirez did not file a reply.

Defendants Morales, Coleman and Juarez move to join the motion. (ECF Nos. 1060, 1078, 1093).

On June 14, 2017, a federal grand jury seated in the District of Nevada, returned a superseding criminal indictment charging Ramirez with Conspiracy to Participate in a Racketeering Enterprise, in violation of Title 18, United States Code, Section 1962(d), Kidnapping, in violation of Title 18, United States Code, Sections 1959(a)(1) and 2, and Assault, in violation of Title 18, United States Code, Sections 1959(a)(3) and 2. (Superseding Indictment (ECF No. 13).)

Ramirez moves for a bill of particulars, arguing the indictment provides very little facts to support the allegation that he committed any act of conspiracy that would bring him under the purview of the racketeering allegation. The government responds that there is adequate information contained in the indictment, as well as extensive discovery, to allow Ramirez to prepare for trial, and therefore a bill of particulars is not appropriate.

**I. ANALYSIS**

**A. Bill of Particulars**

Rule 7(f) of the Federal Rules of Criminal Procedure states:

> The court may direct the government to file a bill of particulars. The defendant may move for a bill of particulars before or within 14 days after arraignment or at a later time if the court permits. The government may amend a bill of particulars subject to such conditions as justice requires.

"The bill of particulars has three functions: '[1] to inform the defendant of the nature of the charge against him with sufficient precision to enable him to prepare for trial, [2] to avoid or minimize the danger of surprise at the time of trial, and [3] to enable him to plead his acquittal or conviction in bar of another prosecution for the same offense when the indictment is itself too vague, and indefinite for such purposes.'" *United States v. Giese*, 597 F.2d 1170, 1180 (9th Cir. 1980) *cert. denied* 444 U.S. 979 (1979) (quotation omitted); *see also United States v. Ayers*, 924 F.2d 1468, 1483 (9th Cir. 1991) (identifying the threefold purpose of a bill of particulars). "A defendant seeking particularization 'has the burden of showing by brief, affidavit, or otherwise that nondisclosure would lead to prejudicial surprise or the obviation of opportunities for meaningful defense preparation." *United States v. Jones*, 2:12-cr-00400-APG-GWF, 2013 WL 5954489, at *4 (D. Nev. Nov. 6, 2013) (*citing United States v. Perry*, 2013 WL 3158078 (D. Mass. June 19, 2013)).

In *Giese*, the Ninth Circuit noted that the indictment apprised the defendant of the federal conspiracy offense with which he was charged and of the overt acts which allegedly contributed to his participation in the conspiracy. *Giese*, 597 F.2d at 1180. It was specifically noted that requests for the "when, where, and how of every act in furtherance of [a] conspiracy" are improper discovery requests and beyond the purpose of a bill of particulars. *Id.* at 1181; *see also United States v. Kendall*, 665 F.2d 126, 135 (9th Cir. 1981) (stating that "[t]he defendant's constitutional right is to know the offense with which he is charged, not the details of how it will be proved.").

The court will deny Ramirez's request for a bill of particulars. Count One, the racketeering charge, is 35-pages long and alleges 103 overt acts. Ramirez is named in Overt Acts

69, 70, 71, 82 and 95. (Superseding Indictment (ECF No. 13) at 28, 29, 31, and 33.) His role in the conspiracy is described in paragraph four of the indictment, where he is also identified as a "Chapter President" of the Vagos Outlaw Motorcycle Gang criminal enterprise. *Id.* at 10-11. Ramirez is also charged in Count Four with committing Violent Crime In Aid of Racketeering Kidnapping of D.D., in violation of Title 18, United States Code, Sections 1959 (a)(1) and 2, and in Count 5, for the Violent Crime in Aid of Racketeering Aggravated Assault of D.D., in violation of Title 18, United States Code, Sections 1959 (a)(3) and 2. *Id.* at 38-39. The government alleges that Counts Four and Five of the Indictment arise from the same set of facts that relate to the allegations described in Overt Acts 69-71 and 82. The indictment alleges Ramirez agreed to participate in the racketeering activities of the Vagos OMG criminal enterprise by, among other things, coordinating criminal activity with other Vagos OMG leaders throughout the United States and abroad; supervising the criminal activities of the members and associates of the Vagos OMG enterprise; and presiding over Vagos OMG meetings where criminal activity was discussed. *See id.* at 10-12. Overt Acts 69, 70, and 71 specifically allege that on January 25, 2013, Ramirez and others trapped and severely beat a patron inside the men's bathroom at Vamp'd Rock Bar & Grill in Las Vegas, for perceived disrespect of the Vagos gang, then fled the bar to prevent apprehension by law enforcement. *Id.* at 28 and 29. Overt act 82 specifically alleges that Ramirez admitted to an undercover officer then posing as a full patched Vagos member that he participated in the Vamp'd bar beating. *Id.* at 31. Overt Act 82 even sets forth verbatim admissions attributable to Ramirez with respect to the assault. *Id.* Overt Act 95 similarly alleges in detail the allegation that Ramirez smashed a beer bottle over the head of and severely injured a person believed to be a member of the rival "Mongols" gang. *Id.* at 33.

The indictment sufficiently describes Ramirez's conduct in the alleged conspiracy such that Ramirez and his counsel may understand the nature of the charges against him and are able to prepare for trial and avoid or minimize the danger of surprise. Ramirez does not argue an inability to understand the nature of the charges against him, or that the details of the transaction underlying the conspiracy charge have not been adequately disclosed in discovery. The law is clear that a bill of particulars is not a discovery device. To the extent that Ramirez seeks pretrial

disclosure of the precise evidence the government intends to introduce at trial, "[a] defendant is not entitled to know all the [e]vidence the government intends to produce, but only the [t]heory of the government's case." *Giese*, 597 F.2d at 1181 (quotation omitted).

Additionally, there is no dispute that the government has made a significant disclosure of information regarding the transactions underlying the conspiracy charge. It appears to the undersigned that the government, combining sufficient details within the indictment with the discovery disclosures, has provided adequate information for Ramirez to defend against the conspiracy charge. It is further noted that the government is under no obligation to identify every overt act committed in furtherance of a conspiracy. *Id.*

Ultimately, a bill of particulars is not intended to be used for discovery purposes. *United States v. Chan*, 2008 WL 5233585 (E.D. Cal. Dec. 12, 2008) (*citing United States v. Shepard*, 462 F.3d 847, 860 (8th Cir. 2006)). Based on the record, the undersigned concludes that a bill of particulars is not necessary at this point to allow Ramirez to adequately prepare its case or to avoid prejudicial surprise.

**B. Motions to Join**

Defendants Morales, Coleman, and Juarez move to join Ramirez's motion. Although the co-defendants seeking joinder claim they are "similarly situated," they fail to provide any further analysis. *See Tatung Co., Ltd v. Shu Tze Hsu*, 217 F. Supp. 3d 1138, 1151-52 (C.D. Cal. 2016) (finding joinder should occur when a movant articulates how and why they are similarly situated to the motion they seek to join such that filing an independent motion would be redundant). None of these defendants explain why they are unable to understand the charges in the indictment, or why discovery has been insufficient. Accordingly, their motions to join are denied.

///
///
///
///
///
///

## II. CONCLUSION

IT IS THEREFORE ORDERED that defendants Morales, Coleman and Juarez motions to join the motion for bill of particulars (ECF Nos. 1060, 1078, 1093) are DENIED.

IT IS FURTHER ORDERED that Ramirez's motion for bill of particulars (ECF No. 1052, 1056) is DENIED.

DATED: December 11, 2018

C.W. HOFFMAN, JR.
UNITED STATES MAGISTRATE JUDGE